UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                              :

| | | |
|---|---|---|
| INDIAN HARBOR INSURANCE COMPANY | : | Civil Action No: 1:18-cv-10197 |
| | : | ECF CASE |
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| -against- | : | |
| | : | |
| THE CITY OF FREDERICK, MARYLAND | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------ X

Indian Harbor Insurance Co. ("Indian Harbor"), by its attorneys, Troutman Sanders LLP, as and for its Complaint against Defendant The City of Frederick, Maryland (the "City"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action by Indian Harbor seeking a judicial determination and declaration that it is not obligated to defend or indemnify the City in connection with claims made by certain of the City's residents for payments for damage resulting from sewage backups in the residents' homes.

2.      An actual and justiciable controversy has arisen and now exists between Indian Harbor and the City regarding whether Indian Harbor has any obligation to defend or indemnify the City in connection with these claims.

3.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.      The action is currently ripe for adjudication.

## PARTIES

5.     Indian Harbor is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Connecticut.  Indian Harbor has offices and conducts business in New York, NY.

6.     The City is a municipal corporation, organized under the laws of the State of Maryland.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that the controversy is between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.  Moreover, an actual controversy within the meaning of 28 U.S.C. §§ 2201 exists between the parties, and the parties agreed in the subject insurance policy (Policy No. PEC001012909 (the "Policy")) to submit to the jurisdiction of this Court.  *See* Policy, Section IX.K.  A true and correct copy of the Policy is attached hereto as Exhibit A.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the City and Indian Harbor agreed in the subject insurance policy that venue would be appropriate in this District.  *See id.*

## FACTUAL ALLEGATIONS

**The Sewer Backup Claims**

9.     Beginning on or about May 15, 2018, the City experienced a period of very heavy rainfall.

10.     During this event, on information and belief, the City's wastewater treatment plant became overwhelmed and "inundated" by the rain event.  *See* City of Frederick Press Release (May 16, 2018).  A true and correct copy of this press release is attached hereto as

Exhibit B.  The City feared that this inundation might result in sewer "backups in collection lines and homes."  *See id.*

11.     Indeed, as a result, residents did allegedly experience damage when sewage backed up into residences.  The vast majority of these claimants notified the City of their claims within a week following the rain event.  *See* Email from A. Portner of City to D. Sugg of Indian Harbor (9/19/18)) and Report from Maryland Department of Environment (5/18/18)).  True and correct copies of this email and report are attached hereto as Exhibits C and D, respectively.

12.      On information and belief, Indian Harbor understands that the City reported the incident to the City's general liability carrier, Liberty Mutual, on or about June 11, 2018 and the City's notice referred to an initial sixty-one claimants (the "Sewer Backup Claims").  *See* Letter from Liberty Mutual to City (listing sixty-one noticed claimants).  A true and correct copy of this letter is attached hereto as Exhibit E.

13.     The City did not report the sewer backup or the Sewer Backup Claims to Indian Harbor at this time.

14.     Following Liberty Mutual's denial of coverage on July 5, 2018, the City reported the matter to Berkley Insurance.  *See* Email from K. Evans on behalf of City to D. Sugg of Indian Harbor (9/24/18)).  A true and correct copy of this email is attached hereto as Exhibit F.

15.     The City did not report the sewer backup or the Sewer Backup Claims to Indian Harbor at this time either.

16.     On August 17, 2018 – three months following the rain event – the City first gave notice to Indian Harbor.  A true and correct copy of this correspondence is attached hereto as Exhibit G.

17.     On information and belief, no resident has named the City in any action with respect to the Sewer Backup Claims.

18.     On August 20, 2018 Indian Harbor provided its initial acknowledgement.  A true and correct copy of this acknowledgment correspondence is attached hereto as Exhibit H.  On November 2, 2018 Indian Harbor supplemented its initial acknowledgment by reserving its rights generally and on several specified grounds.  A true and correct copy of this reservation of rights letter is attached hereto as Exhibit I.

**The Policy**

19.     Indian Harbor issued the Policy to the City for the claims-made and reported policy period of July 1, 2016 to July 1, 2019.  *See* Exhibit A, Policy at Declarations.

**No Coverage Due to Late Notice**

20.     The Policy provides that "as a condition precedent to the coverage hereunder, in the event any CLAIM[1] is made against the INSURED for LOSS . . . or any POLLUTION CONDITION is first discovered by the INSURED that results in a LOSS . . . : (1) the INSURED shall forward to the Company or to any of its authorized agents every demand, notice, summons, order or other process received by the INSURED or the INSURED's representative as soon as practicable; and (2) the INSURED shall provide to the Company, whether orally or in writing, notice of the particulars with respect to the time, place and circumstances thereof, along with the names and addresses of the injured and of available witnesses. . . ."  Exhibit A, Policy, Section VII.A.

21.     The City failed to satisfy this condition precedent to coverage under the Policy for the Sewer Backup Claims.

**No Coverage Under Municipality Endorsement**

22.     The Policy explicitly provides limited coverage for sewer backups by way of a Municipality Endorsement that contains a specific provision – agreed to by the City – addressing "Sewer Backup Coverage."  Exhibit A, Policy, Endorsement No. 9.

23.     Notwithstanding and without prejudice to the City's late notice of the Sewer Backup Claims, none of the Sewer Backup Claims triggers coverage under the Sewer Backup Coverage of the Policy's Municipality Endorsement.

24.     For Sewer Backup Coverage, the Policy's COVERED LOCATIONS are amended to add the City's WASTEWATER COLLECTION SYSTEM, which is defined to mean "the network of underground sewer piping and pump stations owned and controlled by the INSURED that interconnects a system to deliver wastewater to the INSURED's wastewater treatment plants."  WASTEWATER COLLECTION SYSTEM specifically does not include the "INSURED's wastewater treatment plant(s);" "non-owned lateral sewer piping lines that connect an individual building or structure to the INSURED's sewer lines;" or "any portion or portions of the WASTEWATER COLLECTION SYSTEM that handle combined stormwater and sanitary wastewater flows."  *See id.*

25.     For Sewer Backup Coverage, POLLUTION CONDITION is amended to mean "the discharge, dispersal, release, seepage, migration, or escape of POLLUTANTS into a building or structure . . . which arises from a SEWER BACKUP.  SEWER BACKUP means "a physical obstruction or blockage in the WASTEWATER COLLECTION SYSTEM."  *See id.*

26.     The Policy does not afford coverage for the Sewer Backup Claims because the sewer backup did not arise from a "physical obstruction or blockage," such as leaves, fats, oils,

---

[1] All capitalized terms are defined in the Policy.

grease, or tree roots.  Instead, the City's wastewater treatment facility was overwhelmed by water from the rain event.  *See* Exhibit C.

27.     The Policy also does not afford coverage for the Sewer Backup Claims because the backup did not occur in the WASTEWATER COLLECTION SYSTEM, as that term is defined by the Policy.  The definition of WASTEWATER COLLECTION SYSTEM specifically excludes the City's wastewater treatment plant, which was the location of the sewer backup when it became overwhelmed by the rain event.  The definition also excludes "non-owned lateral sewer piping that connect an individual building to" the City's sewer lines and excludes any portion of the system that handled "combined stormwater and sanitary wastewater flows."

### Other Relevant Policy Provisions

28.     Even if one or more of the Sewer Backup Claims were properly noticed to Indian Harbor and otherwise fall within the Policy's coverage, Indian Harbor does not presently owe payment to the City because the City has not satisfied its self-insured retention obligations under the Policy.

29.     The Policy contains numerous other potentially relevant provisions that are prerequisites for coverage, including but not limited to the Policy's definitions of LOSS and POLLUTION CONDITION, the requirement that any alleged POLLUTION CONDITION be "on, at, under, or migrating from" a COVERED LOCATION, as well as other potentially relevant Policy terms, such as the non-disclosed conditions exclusion, the owned-property exclusion, the non-compliance exclusion, the communicable diseases exclusion, "other insurance" provisions, and provisions related to the number of POLLUTION CONDITIONS.

**Indian Harbor's Communications to The City**

30.     As noted above, by letter dated November 2, 2018, Indian Harbor has fully reserved its rights under the Policy with respect to the Sewer Backup Claims and advised the City of the filing of this declaratory judgment action to resolve the dispute between the parties. *See* Exhibit I.

**FIRST COUNT**
**(DECLARATORY JUDGMENT – LATE NOTICE)**

31.     Indian Harbor incorporates by reference the foregoing paragraphs numbered 1 through 30 as though fully set forth herein.

32.     The City failed to satisfy the condition precedent to coverage under the Policy requiring proper and timely notice of the Sewer Backup Claims as soon as practicable as required under the Policy.

33.     Indian Harbor is entitled to a declaration that it does not have a duty to defend or indemnify the City under the Policy for the Sewer Backup Claims.

**SECOND COUNT**
**(DECLARATORY JUDGMENT – INSURING AGREEMENT NOT TRIGGERED)**

34.     Indian Harbor incorporates by reference the foregoing paragraphs numbered 1 through 33 as though fully set forth herein.

35.     The Policy's Sewer Backup Coverage within the Municipality Endorsement is not triggered because the Sewer Backup Claims do not arise from a SEWER BACKUP, as that term is defined by the Policy.

36.     The Policy's Sewer Backup Coverage within the Municipality Endorsement also is not triggered because the Sewer Backup Claims did not occur due to a SEWER BACKUP in the WASTEWATER COLLECTION SYSTEM, as that latter term is defined by the Policy.

37.     The City has not met the Policy's self-insured retention requirements with respect to the Sewer Backup Claims.

38.     Coverage under the Policy also may not be available or may be limited because of the Policy's definitions of LOSS and POLLUTION CONDITION, the requirement that any alleged POLLUTION CONDITION be "on, at, under, or migrating from" a COVERED LOCATION, the non-disclosed conditions exclusion, the owned-property exclusion, the non-compliance exclusion, the communicable diseases exclusion, "other insurance" provisions, provisions related to the number of POLLUTION CONDITIONS, and self-insured retention provisions.

39.     Because the Policy is not triggered for each of these independent reasons, Indian Harbor is entitled to a declaration that it does not have a duty to defend or indemnify the City under the Policy in connection with the Sewer Backup Claims.

**WHEREFORE**, Indian Harbor respectfully requests that this Court:

(A)     enter judgment declaring that Indian Harbor has no obligation to defend or indemnify the City in connection with the Sewer Backup Claims;

(B)     enter judgment declaring that Indian Harbor has no obligation to defend or indemnify the City in connection with the Sewer Backup Claims because coverage for such claims does not trigger the Policy's insuring agreements;

(C)     award Indian Harbor its costs incurred herein and reasonable attorneys' fees; and

(D)     award Indian Harbor such other and further relief as this Court deems just and proper.

Dated:  November 2, 2018
        New York, New York

Respectfully submitted,

TROUTMAN SANDERS LLP

  /s/ Daniel W. Cohen
Daniel W. Cohen
875 Third Avenue
New York, NY  10022
(212) 704-6006
(202) 654-5807 (fax)
dan.cohen@troutman.com

*Counsel for Plaintiff*